AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA

v.

Steven Dineen
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  O8-98M.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC § 841
  - ☐ under 18 U.S.C. § 924(c).
- X☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   clear and convincing evidence   a preponderance of the evidence: Defendant waived his right to a preliminary hearing and did not oppose the government's motion for detention at this time. In addition, the court finds that defendant is a risk of flight and danger to the community on the following bases:

**Nature of the offenses:** Defendant is charged with serious offenses- possession with intent to distribute cociane base and possession of a firearm by prohibited person. According to the criminal complaint defendant has been previously convicted of three felonies, 2 involving drug related offenses- delivery and trafficking. At defendant's residence, 13.4 grams of crack cocaine and a 45 caliber semi-automatic hand gun were found. Defendnt admitted that both the cocaine and the weapon were his.

**Strength of the evidence:** see above. Defendant's admission and where the drugs and gun were found.

**Characteristics of defendant:** Although defendant is married, he has not been working since his release from prison in December 2006. He would have had employment if he had not gotten arrested. He admits MJ and cocaine abuse (long history since age 13 years). Although he "hardly smokes" MJ anymore, he uses cocaine weekly. He was required to attend the Key Program while in prinson. He has 21 capiases on his record and at the time of his arrest was on state probation for the conviction of delivery in 2002. Prior to that he ws convicted of trafficking in cocaine in 1999, for which he ws found in VOP three times including for the conviction in 2002. His criminal history begins at age 13 for conspiracy third. Between age 13 and 17, defendant was arrested or convicted on 16 occasions including for theft, robbery 1st, resisting arrest, receiving stolen property, unlawful use of a credit card. As an adult he has also been convicted of forgery 2d in 1996 for which he was found VOP on two occasions. He was convicted of reckless endangering in 1997 and found in VOP twice and forgery 2d found VOP once. He also has a conviction for escape after prosecution in 1998.

JUN 1 3 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).