IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN DINEEN, | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) Crim. No. 08-98-SLR |
| v. | ) Civ. No. 09-951-SLR |
| | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

**MEMORANDUM ORDER**

At Wilmington this 26th day of August, 2013, having reviewed the above captioned case;

IT IS ORDERED that movant Steven Dineen's ("movant") Rule 59(e) motion asking the court to reconsider its denial of his § 2255 motion (D.I. 42) is **DENIED**, for the reasons that follow:

**1. Background.** On September 16, 2008, movant entered a plea of guilty to all charges in a three-count indictment charging him with: (1) possession of a firearm by a person prohibited, in violation of 18 U.S.C. § 922(g); (2) possession with intent to distribute five grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On January 5, 2009, the court sentenced movant to sixty months on counts one and two, to be served concurrently, and to sixty months on count three, to be served consecutively. Movant did not appeal his conviction or sentence.

2. Movant filed a timely motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting one claim that defense counsel erred in advising him to plead guilty to count three. (D.I. 20) The court denied the motion as meritless on August 23, 2012. (D.I. 40; D.I. 41)

3. Movant file the pending Rule 59(e) motion to alter or amend the judgment on September 10, 2012. (D.I. 42)

4. **Standard of Review.** Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reargument and/or reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

5. **Discussion.** In his Rule 59(e) motion, movant contends that the court committed a clear error of law by incorrectly interpreting the 1998 amended version of 18 U.S.C. § 924(c) when it analyzed his ineffective assistance of counsel claim. The court is not persuaded. Movant's instant argument regarding the "proper" interpretation of § 924(c) is the same argument the court considered, and rejected, when it denied his § 2255 motion. In turn, movant merely asserts his disagreement with the court's

conclusion, and fails to demonstrate that the court committed a manifest error of law in denying his § 2255 motion. Accordingly, the court concludes that the instant Rule 59(e) motion does not warrant reconsideration of its decision.

6. To the extent one may be necessary, the court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

_____
UNITED STATES DISTRICT JUDGE